IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DOROTHY GRIFFIS, | : |
| Plaintiff | : |
| VS. | : |
| | :     7 : 05-CV-48 (HL) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on May 27, 2005, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed a claim for Supplemental Security income benefits in October 2000, alleging disability since September 11, 2000, due to osteoporosis and herniated discs. Her application was denied throughout all administrative levels, with the ALJ determining that the plaintiff suffered from severe impairments in the form of "arthritic aches and pains and a borderline IQ", but that she remained capable of performing a modified range of medium to light work and could return to her past relevant work as a machine tender, sales clerk, deli worker, or cosmetologist. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ applied erroneous legal standards in evaluating plaintiff's subjective symptoms, improperly rejected the treating physicians' opinions, and that the ALJ's determination of plaintiff's residual functional capacity was not supported by substantial evidence.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Pain standard*

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.

20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The plaintiff argues that the objective medical record establishes that she suffers from objective medical impairments that could reasonably be expected to give rise to the pain as she describes it. She argues that the medical record shows a history of consistent complaints of pain and treatment requests, as well as reports from treating physicians as to the pain and other symptoms. The plaintiff further argues that the ALJ improperly discredited her subjective testimony as to pain, inaccurately portraying her daily activities and misstated the medical record.

In his findings, the ALJ notes that "[t]he medical evidence of record establishes that the claimant has underlying medical conditions, but it does not support the claimant's allegations of limitation of function to the degree that it would preclude all substantial gainful activity. The claimant's allegations of discomfort are out of proportion with the objective medical record." R. at 57.

The objective medical record evidences the plaintiff's treatment for low back pain beginning in September 2000 through August 2003. The ALJ acknowledges that the plaintiff has sought treatment for and experiences pain, and he notes the diagnoses of low back pain, with lumbar

myelograms showing a strain superimposed over degenerative changes in the lumbar spine with multilevel involvement following plaintiff's September 2000 injury. R. at 51. The ALJ presented a thorough review of the medical evidence of record, but concluded that "[n]o physician, either examining or treating, has found a condition that would support the subjective pain allegations made by the claimant. No physician, either examining or treating, has found a condition that would warrant more than conservative treatment. No surgery has been recommended – simply because the claimant's vertogrogenic condition is such that none is warranted." R. at 56. The undersigned finds that these findings and conclusions are supported by substantial evidence. Contrary to the plaintiff's contentions, the ALJ does not ignore the opinions of Dr. Nwosu[1] and Dr. Tidmore, but discusses their findings, which includes notations by Dr. Nwosu that the plaintiff's condition was "improved" in January 2001 following the September 2000 fall and a report in August 2003 that she remained capable of at least part-time work. R. at 204, 442. Although the plaintiff asserts that the objective medical evidence documents findings of degenerative disc disease as well as fibromyalgia, the plaintiff herself later notes that the symptoms of fibromyalgia are "entirely subjective [and that] there are no laboratory tests for the presence or severity of fibromyalgia." Stewart v. Apfel, 245 F.3d 793 (11th Cir. 2001). The objective medical record does document consistent findings and reports of intermittent, aching low back pain, at times exacerbated by additional falls and strains, but as noted by the ALJ, the record does not evidence any findings of pain or other conditions which would establish "incapacity to perform a modified range of medium to light work throughout the period under consideration." R. at 57.

      The ALJ's reasons for rejecting the plaintiff's subjective complaints of disabling pain are

---

[1] The plaintiff refers to Dr. Nwosu as "Dr. Oguchi" throughout her brief, although the court notes that "Oguchi" is actually Dr. Nwosu's first name.

also supported by substantial evidence. He notes that the plaintiff does in fact work part-time, as much as 36 hours per week based on the plaintiff's testimony, and performs tasks involving lifting and carrying boxes of video tapes weighing over 30 pounds, stocking shelves, and helping customers. The ALJ's findings regarding the plaintiff's workers' compensation claim are based on the plaintiff's own testimony, as are the findings regarding plaintiff's daily activities, involving driving more than thirty (30) miles for an examination when she stated that she had not driven more than seven (7) miles at a time in the last year. Although the plaintiff argues that the ALJ misstates the findings regarding plaintiff's mental health condition, a review of the medical records reveals that the ALJ accurately noted that mental health physicians had not diagnosed an anxiety or panic disorder, but merely noted plaintiff's reports of feeling anxious, etc. The ALJ relies on the findings of Dr. Terry Lowe, a psychological examiner, who found on two (2) occasions that the plaintiff "has difficulty adequately describing these [panic attacks] to the extent that the examiner believes it would be difficult to actually arrive at an anxiety disorder or mood disorder diagnosis" and " the examiner observed no symptoms suggestive of [anxiety and/or depressive] disorders". R. at 229, 397. Additional mental health treatment notes from November 2001 indicate that "[i]t seems apparent that she will only seek out those meds that possess a mid-brain reward system attached . . . She is quick to dismiss the SSRI's that don't offer a 'buzz'". R. at 370. Dr. Lowe concluded in March 2001 and March 2003 that the plaintiff did not suffer from any mental condition that imposed significant restrictions on her daily activities or functioning. R. at 230, 398.

*Treating physicians' opinions*

The plaintiff also argues that the ALJ improperly disregarded the opinions of disability offered by Drs. Tidmore and Nwosu. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner

will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary.  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).  As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." Id.

The ALJ noted the "Medical Report" dated August 28, 2003, submitted by Dr. Nwosu, wherein he stated that the plaintiff could not lift ten (10) pounds but could sit, stand, and walk six (6) hours.  The ALJ afforded this opinion only minimal weight, however, finding that "the doctor must have been unaware that for more than a year the claimant, per her own testimony, had been working up to nine hours a day at a job in which she had to lift and carry up to 30 pounds frequently.  As the claimant had been less than forthcoming with her physician concerning her activities, he could not be expected to render a valid, reliable opinion relative to her true abilities."  R. at 57.

The ALJ also noted the opinion of Dr. Tidmore that the plaintiff could not stand or walk during an 8-hoUr workday due to a diagnosis of "RA", or rheumatoid arthritis.  However, the ALJ

afforded this opinion no weight, "because it is unclear to the [ALJ] if the doctor has the right claimant in mind. Throughout the report, Dr. Tidmore finds the claimant severely limited in her abilities due to RA, . . . a condition that has never been diagnosed in the claimant. As a matter of fact, serum testing was negative for the rheumatoid factor in July 2001." R. at 56-57.

The undersigned finds that the ALJ's findings regarding the opinions of disability offered by Drs. Nwosu and Tidmore are supported by substantial evidence and that the rejection of these opinions was proper. Dr. Tidmore's conclusions are not supported by any treatment notes or objective medical findings of "RA", and Dr. Nwosu's conclusions are in direct conflict with the plaintiff's own testimony as to her physical abilities and work duties. The medical evidence of record does in fact counter the opinions of disability offered by these physicians, establishing that the plaintiff suffers only from a degenerative disc condition that has at times improved and has not prevented the plaintiff from carrying out part-time work.

*Residual functional capacity*

Finally, the plaintiff argues that the ALJ incorrectly determined her residual functional capacity, failing to consider her impairments in combination and incorrectly classifying her past relevant work.

A review of the ALJ's findings reveals that he properly considered all of the plaintiff's impairments in reaching a decision regarding disability. His decision reveals that he adequately discussed and considered her various medical conditions, including degenerative disc disease, depression, and gastrointestinal conditions, in finding that she could perform certain of her past relevant jobs that were classified as involving light exertion. As noted by the Commissioner, the ALJ did not include her part-time work as part of her past relevant work. Moreover, the plaintiff did not establish that her part-time work was performed under special conditions; the plaintiff

testified in her hearing before the ALJ that her part-time employment as a video store clerk required her to "[l]ift boxes of movies; [p]ut movies on shelves; [w]ait on customers", "stand[ing] pretty much", and only taking a break if someone else was working with her.  R. at 468, 489.

     Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 28th day of August, 2006.

/S/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb